# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Q-Ray Company | § | Case No. 07-3228 |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on         . The undersigned trustee was appointed on                .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                       $

       Funds were disbursed in the following amounts:

       Payments made under an interim disbursement
       Administrative expenses
       Other payments to creditors
       Non-estate funds paid to 3rd Parties
       Exemptions paid to the debtor
       Other payments to the debtor

       Leaving a balance on hand of[1]                       $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (10/1/2010) *(Page: 1)*

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/CATHERINE STEEGE_____
                                                 Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (10/1/2010) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| Case No: | 07-3228 ERW Judge: EUGENE R. WEDOFF | Trustee Name: | CATHERINE STEEGE |
|---|---|---|---|
| Case Name: | Q-Ray Company | Date Filed (f) or Converted (c): | 02/23/07 (f) |
|  |  | 341(a) Meeting Date: | 11/20/08 |
| For Period Ending: | 01/04/11 | Claims Bar Date: | 02/18/09 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets | Lien Amount | Exempt Amount |
| 1. CASH | 200.00 | 200.00 |  | 200.00 | FA | 0.00 | 0.00 |
| 2. Due from Related Entities QT, Inc. | 48,237.00 | 0.00 |  | 0.00 | FA | 0.00 | 0.00 |
| 3. Tax Refunds (u) | 844.09 | 844.09 |  | 844.09 | FA | 0.00 | 0.00 |
| 4. Bank Account - Foster Bank (u) | 0.00 | 20.00 |  | 20.00 | 0.00 | 0.00 | 0.00 |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A |  | 0.59 | Unknown | 0.00 | 0.00 |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $49,281.09   $1,064.09   $1,064.68   $0.00   $0.00   $0.00

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 06/15/11   Current Projected Date of Final Report (TFR): 06/15/11

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 07-3228 -ERW | | Trustee Name: | CATHERINE STEEGE |
| Case Name: | Q-Ray Company | | Bank Name: | BANK OF AMERICA, N.A. |
| | | | Account Number / CD #: | *******5579 Money Market Account (Interest Earn |
| Taxpayer ID No: | *******7999 | | | |
| For Period Ending: | 01/04/11 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 01/24/08 | 1 | Catherine Steege, Trustee for Q-Ray Inc. | $200 cash received by C. Steege from Q-Ray petty cash account. | 1121-000 | 200.00 | | 200.00 |
| 01/31/08 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.400 | 1270-000 | 0.01 | | 200.01 |
| 02/29/08 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.300 | 1270-000 | 0.05 | | 200.06 |
| 03/31/08 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.250 | 1270-000 | 0.05 | | 200.11 |
| 04/30/08 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.250 | 1270-000 | 0.04 | | 200.15 |
| 05/30/08 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.150 | 1270-000 | 0.02 | | 200.17 |
| 06/24/08 | 4 | Foster Bank | Closed bank account | 1229-000 | 20.00 | | 220.17 |
| 06/30/08 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.150 | 1270-000 | 0.03 | | 220.20 |
| 07/31/08 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.150 | 1270-000 | 0.03 | | 220.23 |
| 08/29/08 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.150 | 1270-000 | 0.03 | | 220.26 |
| 09/30/08 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.150 | 1270-000 | 0.03 | | 220.29 |
| 10/31/08 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.100 | 1270-000 | 0.02 | | 220.31 |
| 11/28/08 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.100 | 1270-000 | 0.02 | | 220.33 |

Page Subtotals     220.33     0.00

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 2
Exhibit B

| Case No: | 07-3228 -ERW | | Trustee Name: | CATHERINE STEEGE |
| Case Name: | Q-Ray Company | | Bank Name: | BANK OF AMERICA, N.A. |
| | | | Account Number / CD #: | *******5579  Money Market Account (Interest Earn |
| Taxpayer ID No: | *******7999 | | | |
| For Period Ending: | 01/04/11 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| 12/31/08 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.010 | 1270-000 | 0.01 | | 220.34 |
| 05/29/09 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.030 | 1270-000 | 0.01 | | 220.35 |
| 06/30/09 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.030 | 1270-000 | 0.01 | | 220.36 |
| 07/31/09 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.030 | 1270-000 | 0.01 | | 220.37 |
| 08/31/09 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.030 | 1270-000 | 0.01 | | 220.38 |
| 09/30/09 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.030 | 1270-000 | 0.01 | | 220.39 |
| 10/30/09 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.030 | 1270-000 | 0.01 | | 220.40 |
| 11/30/09 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.030 | 1270-000 | 0.01 | | 220.41 |
| 12/31/09 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.030 | 1270-000 | 0.01 | | 220.42 |
| 01/29/10 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.030 | 1270-000 | 0.01 | | 220.43 |
| 02/26/10 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.030 | 1270-000 | 0.01 | | 220.44 |
| 03/31/10 | INT | BANK OF AMERICA, N.A. | INTEREST REC'D FROM BANK | 1270-000 | 0.01 | | 220.45 |
| 04/30/10 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.030 | 1270-000 | 0.01 | | 220.46 |
| 05/28/10 | INT | BANK OF AMERICA, N.A. | Interest Rate  0.030 | 1270-000 | 0.01 | | 220.47 |

Page Subtotals          0.14          0.00

LFORM24  UST Form 101-7-TFR (10/1/2010) *(Page: 5)*          Ver: 16.01b

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 3

Exhibit B

| Case No: | 07-3228 -ERW | | Trustee Name: | CATHERINE STEEGE |
| --- | --- | --- | --- | --- |
| Case Name: | Q-Ray Company | | Bank Name: | BANK OF AMERICA, N.A. |
| | | | Account Number / CD #: | *******5579 Money Market Account (Interest Earn |
| Taxpayer ID No: | *******7999 | | | |
| For Period Ending: | 01/04/11 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| 06/30/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.01 | | 220.48 |
| 07/30/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.01 | | 220.49 |
| 08/31/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.01 | | 220.50 |
| 09/02/10 | 3 | Daniel W. Hynes, Comptroller<br>State of Illinois Income Tax Refund | State Income Tax Refund | 1224-000 | 49.00 | | 269.50 |
| 09/30/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.01 | | 269.51 |
| 10/11/10 | 3 | United States Treasury<br>Austin, TX | Tax Refund | 1224-000 | 795.09 | | 1,064.60 |
| 10/29/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.02 | | 1,064.62 |
| 11/30/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.03 | | 1,064.65 |
| 12/31/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.03 | | 1,064.68 |

Page Subtotals     844.21     0.00

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 4
Exhibit B

| Case No: | 07-3228 -ERW | | Trustee Name: | CATHERINE STEEGE |
| --- | --- | --- | --- | --- |
| Case Name: | Q-Ray Company | | Bank Name: | BANK OF AMERICA, N.A. |
| | | | Account Number / CD #: | *******5579  Money Market Account (Interest Earn |
| Taxpayer ID No: | *******7999 | | | |
| For Period Ending: | 01/04/11 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | COLUMN TOTALS | | 1,064.68 | 0.00 | 1,064.68 |
| | | | Less: Bank Transfers/CD's | | 0.00 | 0.00 | |
| | | | Subtotal | | 1,064.68 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | Net | | 1,064.68 | 0.00 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
| --- | --- | --- | --- |
| TOTAL - ALL ACCOUNTS | | | |
| Money Market Account (Interest Earn - ********5579 | 1,064.68 | 0.00 | 1,064.68 |
| | ---------------------- | ---------------------- | ---------------------- |
| | 1,064.68 | 0.00 | 1,064.68 |
| | ============ | ============ | ============ |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals     0.00     0.00

UST Form 101-7-TFR (10/1/2010) *(Page: 7)*

LFORM24

Ver: 16.01b

*AMENDED*                                                          **JENNER&BLOCK**

January 26, 2011
                                              Jenner & Block LLP         Chicago
                                              353 N. Clark Street        Los Angeles
                                              Chicago, IL 60654-3456     New York
                                              Tel 312-222-9350           Washington, DC
**BY EMAIL**                                   www.jenner.com

Stephen G. Wolfe                              Catherine L. Steege
United States Trustee's Office                Tel 312 923-2952
Suite 800                                     Fax 312 840-7352
219 S. Dearborn Street                        csteege@jenner.com
Chicago, IL  60606

Re:   *In re Park*, 07 B 03217; *In re AQP Liquidating Inc.*, 07 B 03227; and
      *In re Q-Ray Company*, 07 B 03228

Dear Steve:

As we discussed yesterday morning, enclosed please find my Final Report and Accounts for the three above-captioned cases. For purposes of assisting you and David when you review these reports, I wanted to provide you with the following information:

1. Please note the first paragraphs of each of the reports. Normally I would add in the following: "On September 30, 2008, the case was converted to a chapter 7 case and the Trustee was reappointed as the chapter 7 trustee." However, the program that runs the final account will not allow this additional language to be added without then automatically making changes to the trustee fees etc. rendering the whole report very confusing and inaccurate. What the program does if you put in a conversion date is to eliminate all monies collected prior to the conversion date. So for example, if you add a date for a conversion, the summary of receipts and disbursements and remaining cash is inaccurate showing only chapter 7 collections and payments. I thought that they had figured out a fix for this but in talking with Pam this morning, EPIQ says it cannot be fixed. Thus the first paragraphs of the report reference the chapter 11 filing and my appointment date as chapter 11 trustee but do not mention the conversion to chapter 7 so that the receipts and disbursement information can be presented accurately elsewhere in the report.

   Trustee fees are based upon receipts from both the chapter 11 and chapter 7 cases.

2. With respect to the AQP Liquidating Inc. report, recall that this entity was originally filed under the name QT, Inc., but following the sale of the business which included the company's name QT, Inc., the debtor's name was changed to AQP Liquidating Inc. Thus, if you see references to QT, Inc. that is the same entity as AQP Liquidating Inc.

3. Also with respect to the AQP Liquidating Inc. report, please recall that I operated this business from June, 2007 when I was appointed until December, 2007 when I sold the business as a going concern. Upon my appointment, I continued to use the DIP accounts (changed over to my control) to process payroll, expenses etc. of the operating business.

Stephen G. Wolfe
January 26, 2011
Page 2

This was all reported in the monthly UST reports filed with the Court. Because these accounts were at JP Morgan Chase which also through Paymentech processed credit card payments, and not through Bank of America, they do not run through my EPIQ software. For purposes of accurately reporting collected and expended funds, please be advised that the following amounts were expended in the following months from these JP Morgan Chase accounts in connection with the operation of the business during the chapter 11 case for a total of $2,516,026.39:

| | |
|---|---|
| 6/30/2007 | $158,490.27[1] |
| 7/31/2007 | $243,339.00 |
| 8/31/2007 | $311,610.00 |
| 9/30/2007 | $382,258.00 |
| 10/31/2007 | $326,801.00 |
| 11/30/2007 | $398,878.00 |
| 12/31/2007 | $324,628.46 |
| 1/31/2008 | $200,939.26 |
| 2/29/2008 | $155,068.00 |
| 3/31/2008 | $ 9,049.91 |
| 4/30/2008 | $ 4,964.49 |

Once the business was sold and the final remaining operating expenses were paid, the balance of the funds in those operating accounts were transferred to my trustee accounts and reported through the EPIQ system. For your convenience, I have enclosed the operating reports that were filed during the chapter 11 case between June 19, 2007 and April 30, 2008. To avoid over counting collections, I used the amounts disbursed through the JP Morgan accounts to arrive at the $2,516,026.39 total. Any amounts collected through the JP Morgan account and not disbursed ended up in my Bank of America account and is shown in the totals for those accounts on my form 2s.

4. All chapter 11 professional fees and expenses have been paid. I have enclosed copies of the fee orders. The only circumstance where fees were not paid in full was in connection with Les Ottenheimer's fees incurred as counsel to Q.T. Park in his chapter 11 case. His order provides that $6,829.34 of his fees would be deferred until a final fee petition. Accordingly, I have included that amount in the Final Report for payment. Other than for this amount, all chapter 11 fees and expenses had been paid and these payments show up in my Form 2s as having been made during the chapter 11 case.

5. During this case, fee petitions have been filed with the caption of all three debtors. With respect to Mr. Lasko's final fee applications, certain fees are clearly delineated between the cases and so you will see one fee application but only portions of the fees showing up on each of the three reports. The same is true with respect to Jenner & Block's Final Fee Petition.

---

[1] Only includes amounts from the date of my appointment -- June 19, 2007.

Stephen G. Wolfe
January 26, 2011
Page 3

6. Finally, please note that with respect to a number of the employees who filed proofs of claim for unpaid vacation pay in the AQP Liquidating Inc case, the employees marked their claims as unsecured priority claims (which they all are) and also as secured claims. The Clerk's office recorded these claims ((18, 19, 24, 25, 27, 45, 47, 48, 50, 57 and 58) on the claims register as secured claims. I have included them in the report as priority claims. As a practical matter, other than for accurate reporting purposes, since these claims will be paid in full, it probably does not matter how they are classified, however, it appears fairly clear from looking at the claim forms that the claims are actually pre-petition priority wage claims and that the clerk has misdocketed them as secured claims. Accordingly, I have put them in my distribution report as pre-petition priority claims.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

*[signature: Catherine Steege]*
Catherine Steege

CS/ph
Enclosures

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

| Case Number: | 07-3228 | | Page 1 | | Date: January 04, 2011 |
| Debtor Name: | Q-Ray Company | | Claim Class Sequence | | |

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 001<br>3410-00 | Alan D. Lasko<br>Alan D. Lasko & Associates, PC<br>29 S. LaSalle Street<br>Suite 1240<br>Chicago, IL  60603 | Administrative | | $0.00 | $243.00 | $243.00 |
| 000001<br>070<br>7100-00 | Federal Trade Commission<br>c/o Michael Mora<br>600 Pennsylvania Ave NW NJ 32<br>Washington, DC 20580 | Unsecured | | $0.00 | $23,183,042.05 | $23,183,042.05 |
| 000002<br>070<br>7100-00 | Ungaretti & Harris LLP<br>c/o R. Scott Alsterda<br>3500 Three First National Plaza<br>Chicago, IL 60602<br>312/977-9203 | Unsecured | WITHDRAWN - 2/11/10 (Docket # 215) | $0.00 | $1,013,219.38 | $0.00 |
| | Case Totals: | | | $0.00 | $24,196,504.43 | $23,183,285.05 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 07-3228
Case Name: Q-Ray Company
Trustee Name: CATHERINE STEEGE

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: CATHERINE STEEGE | $ | $ | $ |
| Accountant for Trustee Fees: Alan D. Lasko | $ | $ | $ |
| Accountant for Trustee Expenses: Alan D. Lasko | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____

Remaining Balance $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $               have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Federal Trade Commission | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance     $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

UST Form 101-7-TFR (10/1/2010) *(Page: 10)*

NONE